UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES TORELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:11-CV-0948-G |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion for summary judgment (docket entry 27). For the reasons set forth below, the defendants' motion is granted.

### I. BACKGROUND

#### A. Factual Background

This is a foreclosure case. The plaintiff is property owner Charles Torello ("Torello"). Defendants Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A.'s Brief in Support of Motion for Summary Judgment ("Brief") at 1, 3 (docket entry 27-1). The defendants are Mortgage Electronic Registration Systems

Inc. ("MERS") and BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC"). *Id.* at 1. Bank of America is the successor to BAC by merger. *Id.*

On January 7, 2003, Torello purchased property located at 814 Greenhaven Drive, Richardson, Texas 75080 ("the property"). *Id.* at 3. To purchase the property, Torello borrowed $115,900.00 from the Franklin American Mortgage Company ("Franklin"). *Id.*; Plaintiff's Original Petition ("Petition") ¶ 11 (docket entry 1-1). Torello promised to pay back this loan with interest by executing a note. Brief at 3. To secure the note, Torello executed a deed of trust at the same time. *Id.*

The deed of trust named Franklin as the lender. Petition ¶ 12. The deed of trust also identified MERS as a "[s]eparate corporation that is acting solely as a nominee for Lender and Lender's successor and assigns," and stated that MERS was the beneficiary of the deed of trust. *Id.* Furthermore, MERS was granted "the right to foreclose and sell the Property." Brief at 10.

In 2009, MERS purported to assign the note and deed of trust to BAC. Petition ¶ 14. This assignment was filed in the deed records of Dallas County, Texas. *Id.* This assignment was signed and notarized on September 18, 2009 and electronically filed on September 23, 2009, but has an effective date of July 15, 2009. *Id.*

Also in 2009, Torello defaulted on the note and deed of trust by failing to make the necessary payments on the loan. Brief at 3. On June 16, 2009, BAC served Torello with notice of the default and of his right to cure the default within thirty days. *Id*. The notice stated that if Torello failed to cure the default, BAC would accelerate the maturity of the loan. *Id*. Torello did fail to cure the default, and BAC did accelerate the loan. *Id*. at 3-4.

On August 5, 2009, BAC gave notice to Torello that the property would be sold at a foreclosure sale. *Id*. at 4. Eventually, Torello filed suit in a Texas state court to stop the foreclosure sale; this case was ultimately non-suited on February 7, 2011. *Id*. After BAC served Torello with notice of a second foreclosure sale, Torello filed the instant case. *Id*. at 5.

In this case, Torello has brought claims against MERS and BAC for breach of contract and anticipatory breach of contract, breach of common law tort of unreasonable collection efforts. Petition ¶¶ 22-28. Torello's petition also demands an accounting, a declaratory judgment, and argues that the defendants lack standing to foreclose the property. *Id*. ¶¶ 29-31. Torello's claims arise out of his argument that BAC lacked the authority to enforce the deed of trust. *Id*. ¶¶ 16-21; *see also* Brief at 5.

B. Procedural Background

The defendants have filed a motion for summary judgment. Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).* A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor.

---

\* Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

*Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id*. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

In this case, the plaintiff has not filed a response to the defendants' motion for summary judgment. Federal Rule of Civil Procedure 56(e)(2) states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Moreover, the court may "grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3). As a

result, "[w]hen a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma-Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010).

## II.  ANALYSIS

### A.  BAC's Authority to Enforce the Deed of Trust

In his petition, Torello argues that BAC lacks the authority to enforce the deed of trust because it does not also hold the note. Petition ¶¶ 16-21. The court concludes that BAC does have the authority to enforce the deed of trust.

Chapter 51 of the Texas Property Code delineates who has the authority to enforce a deed of trust. Generally, a mortgagee is the party with the authority to foreclose on a property. *See* TEX. PROP. CODE § 51.0001(4)(A) (defining mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument").

Texas courts have long recognized that "the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable." *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. Comm'n App. 1935) (opinion adopted); see also *Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 747 (Tex. App.--Austin 2010, rev. denied) ("When a debt is memorialized by a note that is secured by a lien, the note and lien constitute separate obligations."). Moreover,

"foreclosure enforces the deed of trust, not the underlying note." *Kan v. OneWest Bank FSB*, 823 F.Supp.2d 464, 469 (W.D. Tex. 2011) (citing *Slaughter v. Qualls*, 162 S.W.2d 671 (Tex. 1942)).  As a result, there is no requirement that a mortgagee also hold the note.  See *Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (Fish, J.) (citing *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3:09-CV-2302-K(BD), 2010 WL 996768, at *3 (N.D. Tex. Feb. 1 2010) (Kaplan, M.J.)).

Moreover, rights and interests in a deed of trust can be transferred to other parties.  See *Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011) (Fish, J.); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010).  As a result, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record" is a mortgagee.  *Id*. § 51.0001(4)(C).

In this case, it is clear that BAC has the authority to foreclose on Torello's property.  As the named beneficiary in the deed of trust, MERS had the right to enforce the deed of trust as a mortgagee.  Because MERS then properly transferred these rights to BAC, BAC has the authority to foreclose the lien on the property.  And because the plaintiff's petition is based solely on BAC's asserted inability to foreclose, all of the plaintiff's claims fail.

III.  CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is **GRANTED**.  Judgment will be entered for the defendants.

**SO ORDERED**.

May 24, 2012.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**